RAKOFF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
GRAYWIRE, L.L.C.

        Plaintiff,

   - v -

DEPOSITION SCIENCES, INC., AND
ADVANCED LIGHTING TECHNOLOGIES, INC. :

        Defendants.

-----------------------------------X

```
┌─────────────────────────────┐
│ USDC SDNY                   │
│ DOCUMENT                    │
│ ELECTRONICALLY FILED        │
│ DOC #:                      │
│ DATE FILED: 8-4-09          │
└─────────────────────────────┘
```

09 Civ. 4044 (JSR)

PROTECTIVE ORDER

JED S. RAKOFF, U.S.D.J.

    All the parties to this action having requested that the
Court issue a protective order to protect the confidentiality of
nonpublic and competitively-sensitive information that may need
to be disclosed to adversary parties in connection with
discovery in this case pursuant to Fed. R. Civ. P. 26(c), and to
guard against the waiver of attorney-client privilege and work
product protection pursuant to Fed. R. Evid. 502(d), the parties
having agreed to the following terms, and the Court having found
that good cause exists for issuance of an appropriately-tailored
protective order governing the pre-trial phase of this action,
it is therefore hereby

    ORDERED that any person subject to this Order -- including
without limitation the parties to this action, their
representatives, agents, experts and consultants, all third

parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order -- shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

(a) previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

(b) previously nondisclosed material relating to ownership or control of any non-public company;

(c) previously nondisclosed business plans, product development information, or marketing plans;

(d) any information of a personal or intimate nature regarding any individual;

2

(e) trade secrets or other confidential research, development,
   know-how or technical information;

(f) information subject to a confidentiality agreement with a
   nonparty; or

(g) any other category of information hereinafter given
   confidential status by the Court.

3. With respect to the Confidential portion of any Discovery
   Material other than deposition transcripts and exhibits, the
   producing person or that person's counsel may designate such
   portion as "Confidential" by stamping or otherwise clearly
   marking as "Confidential" the protected portion in a manner
   that will not interfere with legibility or audability, and by
   also producing for future public use another copy of said
   Discovery Material with the confidential information
   redacted.  With respect to deposition transcripts and
   exhibits, a producing person or that person's counsel may
   indicate on the record that a question calls for Confidential
   information, in which case the transcript of the designated
   testimony shall be bound in a separate volume and marked
   "Confidential Information Governed by Protective Order" by
   the reporter.

4. If at any time prior to the trial of this action, a producing
   party realizes that some portion[s] of Discovery Material
   that that person previously produced without limitation

3

should be designated as Confidential, he may so designate by
so apprising all parties in writing, and such designated
portion[s] of the Discovery Material will thereafter be
treated as Confidential under the terms of this Order.

5. No person subject to this Order other than the producing
party shall disclose any of the Discovery Material designated
by the producing party as Confidential to any other person
whomsoever, except to:

(a) the parties to this action;

(b) counsel retained specifically for this action, including any
paralegal, clerical and other assistant employed by such
counsel and assigned to this matter;

(c) as to any document, its author, its addressee, and any other
person indicated on the face of the document as having
received a copy;

(d) any witness who counsel for a party in good faith believes
may be called to testify at trial or deposition in this
action, provided such person has first executed a Non-
Disclosure Agreement in the form annexed as an Exhibit
hereto;

(e) any person retained by a party to serve as an expert witness
or otherwise provide specialized advice to counsel in
connection with this action, provided such person has first

4

executed a Non-Disclosure Agreement in the form annexed as
an Exhibit hereto;

(f) stenographers engaged to transcribe depositions conducted in
this action; and

(g) the Court and its support personnel.

6. Prior to any disclosure of any Confidential Discovery
Material to any person referred to in subparagraphs 5(d) or
5(e) above, such person shall be provided by counsel with a
copy of this Protective Order and shall sign a Non-Disclosure
Agreement in the form annexed as an Exhibit hereto stating
that that person has read this Order and agrees to be bound
by its terms. The party seeking to disclose to said person
shall provide the producing part with notice of its intent to
disclose by furnishing the identity of the individual and a
signed Non-Disclosure Agreement in compliance with this
Protective Order.  The party seeking disclosure shall also
furnish the individual's current resume or *curriculum vitae*.
The producing party shall have five (5) business days after
receiving such notice to object in writing, setting forth the
specific grounds for the objections, prior to the disclosure
of Confidential information to the individual.  If timely
objection is made, the parties shall attempt in good faith to
resolve the disclosure issue.  If the issue is not resolved,
the producing party shall, within five (5) business days

5

after posing an objection, file a motion before the Court
seeking to prevent disclosure of such Confidential
information to the individual. No Confidential information
of the producing party shall be disclosed to the individual
until the objection is resolved by the Court or by subsequent
written agreement between the parties. The burden shall be
on the producing party to establish good cause why the
disclosure should not be made to the individual. If the
producing party does not timely object or bring its motion,
Confidential information may be disclosed to the individual.

7. All Confidential Discovery Material filed with the Court, and
   all portions of pleadings, motions or other papers filed with
   the Court that disclose such Confidential Discovery Material,
   shall be filed under seal with the Clerk of the Court and
   kept under seal until further order of the Court. The parties
   will use their best efforts to minimize such sealing.

8. Any party who either objects to any designation of
   confidentiality, or who, by contrast, requests still further
   limits on disclosure (such as "attorneys' eyes only" in
   circumstances of highly sensitive information), may at any
   time prior to the trial of this action serve upon counsel for
   the designating party a written notice stating with
   particularity the grounds of the objection or request. If
   agreement cannot be reached promptly, counsel for all

6

affected persons will convene a joint telephone call with the
Court to obtain a ruling.  Until the parties or the Court
resolves the dispute, the document will be treated as marked.

9. All persons are hereby placed on notice that the Court is
unlikely to seal or otherwise afford confidential treatment
to any Discovery Material introduced in evidence at trial,
even if such material has previously been sealed or
designated as Confidential. The Court also retains discretion
whether to afford confidential treatment to any Confidential
Document or information contained in any Confidential
Document submitted to the Court in connection with any
motion, application, or proceeding that may result in an
order and/or decision by the Court.

10.  Each person who has access to Discovery Material that has
been designated as Confidential shall take all due
precautions to prevent the unauthorized or inadvertent
disclosure of such material.

11.  If, in connection with this litigation, a party
inadvertently discloses information subject to a claim of
attorney-client privilege or attorney work product protection
("Inadvertently Disclosed Information"), such disclosure
shall not constitute or be deemed a waiver or forfeiture of
any claim of privilege or work product protection with

7

respect to the Inadvertently Disclosed Information and its
subject matter.

12. If a disclosing party makes a claim of inadvertent
disclosure, the receiving party shall, within five business
days, return or destroy all copies of the Inadvertently
Disclosed Information, and provide a certification of counsel
that all such information has been returned or destroyed.

13. Within five business days of the notification that such
Inadvertently Disclosed Information has been returned or
destroyed, the disclosing party shall produce a privilege log
with respect to the Inadvertently Disclosed Information.

14. The receiving party may move the Court for an Order
compelling production of the Inadvertently Disclosed
Information. The motion shall be filed under seal, and shall
not assert as a ground for entering such an Order the fact or
circumstances of the inadvertent production.

15. The disclosing party retains the burden of establishing the
privileged or protected nature of any Inadvertently Disclosed
Information. Nothing in this Order shall limit the right of
any party to request an in camera review of the Inadvertently
Disclosed Information.

16. This Protective Order shall survive the termination of the
litigation. Within 30 days of the final disposition of this
action, all Discovery Material designated as "Confidential,"

8

and all copies thereof, shall be promptly returned to the
producing person, or, upon permission of the producing
person, destroyed.

17.  This Court shall retain jurisdiction over all persons
     subject to this Order to the extent necessary to enforce any
     obligations arising hereunder or to impose sanctions for any
     contempt thereof.

18.  Notwithstanding any contractual requirements to the
     contrary, the parties are hereby ordered to disclose, in a
     time and manner pursuant to the Federal Rules of Civil
     Procedure, customer information responsive to any otherwise
     valid discovery request, including those calling for relevant
     customer names, project names and revenue amounts. As to
     information falling within the scope of a confidentiality
     agreement with a nonparty, the fact of such agreement does
     not alone preclude disclosure of otherwise discoverable
     information.

19.  No person subject to this Protective Order other than the
     producing person shall disclose any Discovery Material
     designated by the producing person as "Attorneys Eyes' Only"
     to any other person whomsoever, except to:

(a) outside counsel retained specifically for this action,
    including any paralegal, clerical and other assistant
    employed by such outside counsel and assigned to this

9

matter, but such "Attorneys Eyes' Only" Discovery Material shall not be disclosed to Michael L. Wach or any other manager, member or principal of plaintiff Graywire LLC;

(b) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(c) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(d) stenographers engaged to transcribe depositions conducted in this action; and

(e) the Court and its support personnel.

10

SO STIPULATED AND AGREED.

KING & SPALDING, LLP

Dated:

Richard C. Pettus (RP-5220)

1185 Avenue of the Americas
New York, NY  10036
Phone:  (212) 556-2130
Fax:  (212) 556-2222
rpettus@kslaw.com

*Attorneys for Plaintiff*
*Graywire, LLC*

DUANE MORRIS LLP

Dated:  July 29, 2009

Gregory P. Gulia

1540 Broadway
New York, NY 10036
Phone:  (212) 692-1027
Fax:  (212) 692-1020
GPGulia@duanemorris.com

*Attorneys for Defendants*
*Deposition Sciences, Inc., and*
*Advanced Lighting Technologies,*
*Inc.*

SO ORDERED.

JED S. RAKOFF, U.S.D.J.

Dated:   New York, New York
         7/31, 2009

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
GRAYWIRE, L.L.C.                          :
                                          :
              Plaintiff,                  :
                                          :    09 Civ. 4044 (JSR)
         - v -                            :
                                          :    Non-Disclosure
                                          :    Agreement
DEPOSITION SCIENCES, INC., AND            :
ADVANCED LIGHTING TECHNOLOGIES, INC. :
                                          :
              Defendants.                 :
                                          :
------------------------------------X

     I, _____, acknowledge that I have read
and understand the Protective Order in this action governing the
non-disclosure of those portions of Discovery Material that have
been designated as Confidential/Attorneys Eyes' Only. I agree
that I will not disclose such Confidential Discovery Material to
anyone other than for purposes of this litigation and that at
the conclusion of the litigation I will return all discovery
information to the party or attorney from whom I received it. By
acknowledging these obligations under the Protective Order, I
understand that I am submitting myself to the jurisdiction of
the United States District Court for the Southern District of
New York for the purpose of any issue or dispute arising
hereunder and that my willful violation of any term of the
Protective Order could subject me to punishment for contempt of
Court.

Dated: _____          _____